KILGOUR v. SCOTT et al.

(Circuit Court, S. D. New York. March 19, 1898.)

**1. MORTGAGES—REAL ESTATE HELD AS COLLATERAL.**

In an agreement between a debtor and his creditor, the amount of the indebtedness was stated, and the debtor agreed to pay the same in installments at fixed times, and it was provided that upon such payment real and personal property which had been previously owned by him, and of which he had or was to have possession, was to be reconveyed to him. In a suit brought by him after paying some of the installments, and while in default as to the residue, for relief against the strictness of the agreement, *held*, that the transaction amounted in substance to a mortgage, which might be redeemed, though the law day had passed.

**2. COMPROMISE AND SETTLEMENT—ACCOUNTING.**

It was contended by defendants that the agreement was a compromise, and was conclusive as to the amount due. It appeared, however, that its itemized statement of the debt was made up substantially according to the defendants' figures, about which they had, and plaintiff had not, knowledge in detail, and it did not appear that any substantial compromise had been effected. *Held*, that the case should go to a master to ascertain various claims necessary to fix the sum due in equity.

This was a suit in equity by John F. Kilgour against William E. Scott and the National Bank of Port Jervis.

William S. Bennett, for plaintiff.

Lewis E. Carr and David Wilcox, for defendants.

WHEELER, District Judge. On December 14, 1894, the parties entered into a written agreement by the terms of which the indebtedness of the plaintiff to the bank was stated in gross at $61,936, and by schedule, in items, amounting to the same sum, which he agreed to pay in installments at fixed times, and upon such payment a large amount of real and personal property, most of which had been previously owned by him, and of which he had or was to have possession, was to be reconveyed to him. He has paid some of the installments, and is in default as to a large amount of the residue. This suit is brought for relief against the strictness of the agreement. The transaction included a continuing debt, and the holding of the legal title to the property for security; and had the characteristics of, and, upon familiar principles of equity as administered in the courts of the United States in all the states, amounted to, a mortgage, which may be redeemed, although the law day has passed. The principal difficulty relates to the sum due in equity, about which the defendants insist that the agreement was a compromise, and is conclusive. There does not appear, however, to have been much, if any, compromise about the debt. It was stated substantially according to the defendants' figures, about which they had, and the plaintiff had not, knowledge in detail. Releases in form were executed, but the defendants do not appear to have so yielded claims for debts against the plaintiff that he should be held to have given up just claims against them, and especially not those of which they had superior knowledge. Scott was cashier of the bank. He has held title to secure debts due to the bank on some of which he had been holden, and his relations and interests in re-

spect to some of the property and liabilities and those of the bank were and are similar and mutual. He had held title to Shohola Glen property as trustee for the plaintiff, and as security. It was sold in judicial proceedings, and bid in by him, and accounted for at $28,-000, the amount of the bid. He appears to have sold it again for at least $30,000, and the plaintiff's evidence tends to show for $40,000. According to the evidence produced, this could be made more definite by other evidence, not produced nor accounted for. Some debts secured by collateral obligations may have been duplicated by including both. Whether they have or not may be made more clear than the evidence now makes it. The case should go to a master to ascertain these claims and others necessary to fixing the sum due in equity. When that sum is ascertained, the plaintiff seems to be entitled to a decree for redemption. Costs cannot be properly decreed until the result of the accounting upon these and other disputed items, if any, shall appear.

Decree for plaintiff for an account of sum actually due in equity, and for redemption, with all questions of costs reserved.